P. J. MORLEY, Respondent, v. JOHN CARLSON, Appellant.

**Kansas City Court of Appeals, June 6, 1887.**

MONEY PAID FOR ANOTHER VOLUNTARILY—WHEN NOT RECOVERABLE. It is not the duty of an original contractor to pay *claims* against his sub-contractors *until liens* for those claims have been prosecuted to judgment (when the money so paid is in excess of the contract price agreed upon by contractor with sub-contractor for work done by the latter), and if he does, the payments are made *voluntarily*, and he has no cause of action.

APPEAL from Jackson Circuit Court, HON. JAMES H. SLOVER, Judge.

*Reversed and case dismissed.*

The case is stated in the opinion.

O. T. KNOX and M. CAMPBELL, for the appellant.

I.   Neither the original, nor amended account, nor the evidence, *shows any indebtedness of* Carlson to P. J. Morley. There is Morley's admission that Carlson's bill against Morley is $511.15, while the charge of $469.80, "cash on account of materials and labor," is unproved, and not the slightest evidence of the three items last stated is offered.

II.   Plaintiff *had no right* to testify that defendant left his work unfinished, or that he abandoned the work. Such evidence was *irrelevant to this account*, the whole issue being covered by the inquiry, "Did Morley pay $469.80 cash for materials and labor," and did he pay a labor bill, sand bill, and a cement bill, owing by Carlson, *by order or on compulsion?*

III.   The *demurrer to the evidence* should have been sustained, and defendant's instruction, numbered one,

should have been given. 2 Greenl. Evid., sect. 107; *Bailey v. Gibbs*, 9 Mo. 44; *Jewett v. Stewart*, 1 Me. 117; *Lynch v. Bogy*, 19 Mo. 170; *Allen v. Mulledy*, 21 Ill. 76; *Allen's Adm'r v. Richmond*, 41 Mo. 302; *Jones v. Wilson*, 3 Johns. 34; *Winson v. Savage*, 9 Metc. 347; *Whiting v. Sullivan*, 7 Mass. 108.

IV. Plaintiff's *instruction* should not have been given, for there *was no evidence on which to base it*, and it submits a *question of law to the jury*, and it states a *false legal conclusion* from the hypothetical facts given. Whether it was necessary for Morley to pay Carlson's debts is purely a question of law and for the court. *Morley v. Durfee*, 69 Mo. 469. And the conclusion that Carlson's refusal to pay his debts forced Morley to pay them *is not either law or sense*. Authorities, *supra*, under third point herein made. And that the lien law does not vary this, observe (1) That there could have been no judgment against Morley. Rev. Stat., Mo., sect. 3185. (2) That Carlson's property is first liable for the judgment, and only such residue as cannot be made from Carlson can be levied of the property liened. Same section above. (3) That Morley's only liability arises after the owner shall have been compelled to pay the judgment by law. Rev. Stat., Mo., sect. 3191.

Kagy & Bremermann, for the respondent.

I. As to the first point of appellant, both the evidence in the case, and the verdict of the jury disposes of it, if there is any.

II. As to the second point, the question of abandonment of the work plays nothing more than an incidental part in the case; it was not submitted to the jury as part of the hypothesis of fact made in plaintiff's instruction. The issue in the case is broader than appellant states it to be. The authorities quoted by appellant have no relevancy to this question. A reference to one or two of them will demonstrate this.

*Bailey v. Gibbs* (9 Mo. 44), decides that *assumpsit* could not be maintained as on an implied promise to pay, where an officer having an execution in his hands voluntarily paid it off and returned it into court satisfied, and then sought to recover from the execution defendant. *Lynch v. Bogy* (19 Mo. 170), is to the effect that there can be no recovery for merely voluntary services performed in selling defendant's real estate without employment or request on part of defendant. These are fair samples of the cases quoted. The section in Greenleaf to which appellant refers us, goes further than even learned counsel will relish, since it says (sect. 108), that a legal obligation alone may be sufficient to infer a request from ; and further, that a legal duty may be paramount to the party's actual protestation.

III. Was Morley merely a volunteer, or did he pay this debt through a legal duty resting upon him ? Was Carlson a stranger ? Was there no relation of privity between him and Morley. Mr. Campbell leaves out of view the fact found by the jury that there was a contract between Morley and Stone to build Stone a house ; that Carlson was the sub-contractor, and as such employed the labor and ordered the materials which went into Stone's foundation. Section 58, of Phillips on Mechanic's Liens, states nothing more than has already been recognized in our own state, when it says that the sub-contractor is charged with notice of the original contract. *Heege v. Fruin*, 18 Mo. App. 139. What position did Morley find himself in after Carlson left the work ? He found himself with mechanics' lien notices which had been served on Stone for the amount due for the last three items of plaintiff's account. The effect of this was to tie up, in the hands of the owner, Stone, all money then in his hands belonging to Morley as a contractor on that building ; and Stone had the right to withhold all such moneys until the suits brought on the liens were determined, the expense of which Morley, according to section 3191, of the statutes, had

·to stand. Will appellant contend that Morley was obliged to see all this expense made for him, when Carlson did not dispute the correctness of the bills presented? Morley was the man who stood back of all the liens and the duty of taking care of them rested on him. He simply performed his duty in paying them off. We deem it unnecessary to discuss the other points raised by appellant.

HALL, J.—This was an action for money paid by plaintiff, the original contractor for the erection of a certain building, in satisfaction of certain claims held by various parties for materials furnished and labor performed by them in the construction of the building under-contract with defendant, a sub-contractor under the plaintiff. The money so paid by plaintiff was in excess of the contract price agreed upon by plaintiff and defendant for the work done by the latter.

The money was paid by plaintiff after notice was served by the parties, to whom it was paid, on the owner of the building, of their intention to file liens on the building. The evidence did not show that any liens had been filed by said parties with the clerk of the circuit court. Said parties had brought no suits to enforce their liens. The money was paid by the plaintiff, as the jury found, to prevent mechanics' liens from being filed on the building.

The claims paid by the plaintiff were paid by him voluntarily, and he cannot recover therefor, unless it was his duty as the original contractor for the erection of the building to have made said payments. In my opinion it was not the duty of the plaintiff to pay claims against his sub-contractors until liens for those claims had been' prosecuted to judgment. The parties holding the claims might have never filed liens therefor or taken the steps necessary, under the statute, to entitle them to maintain actions to enforce said liens, or said parties might never have instituted such actions, or, if

such actions had been instituted, the parties might not have succeeded in obtaining judgments on the liens. In any of which cases the plaintiff would not have been bound to pay the claims. It was the duty of the plaintiff to pay liens on the property, and not claims in whose favor there were no liens, but simply a right asserted to liens.

But we are all agreed that the plaintiff's duty, as to the payment of the said claims, cannot be extended beyond the requirements of section 3191, Revised Statutes, and that, under that statute, no duty rested upon the plaintiff to pay the claims until liens therefor had been filed and actions had been brought on said liens. In this case no liens had been filed, and no actions had been brought. The payments were, therefore, voluntarily made by the plaintiff, and he had no cause of action.

Judgment reversed and case dismissed.    All concur.