WILLIAM TRIPPENSEE, Appellant, v. ERNEST BRAUN et al., Respondents.

**Kansas City Court of Appeals, February 1, 1904.**

1, **DEBTOR AND CREDITOR:** Contractor and Subcontractor: Payments Without Authority: Instructions. A contractor can not pay claims against a subcontractor until liens for such claims have been filed and action brought on them, unless such payment is made at the subcontractor's request, expressed or implied, or by his assent given after payment. An instruction is condemned for ignoring this rule.

2. **APPELLATE PRACTICE:** Judgment: Bill of Exceptions. If the transcript of the clerk shows there is a judgment that is sufficient to sustain the appeal; the filing of a bill of exceptions must be shown by the record proper, and this may be done in an amended abstract by a recitation to that effect.

Appeal from Cole Circuit Court.—*Hon. James E. Hazell,* Judge.

REVERSED AND REMANDED.

*E. L. King* and *James H. Lay* for appellant.

(1) When one party voluntarily pays the debt of another he can only recover of the party for whom he paid, in the way and manner and under the circumstances and showing as enunciated, contemplated and declared in instructions 6 and 8, as they read before the modifications and changes therein were made by the court. Watkins v. Richmond College, 41 Mo. 303; Morley v. Carlson, 27 Mo. App. 5; Heege v. Fruin, 18 Mo. App. 139. (2) It was error to refuse instructions 2 and 5. The claim of Braun that he paid the debts to protect the property from liens is not warranted by the facts—the contrary is true. Morley v. Carlson, 27 Mo. App. 5; Heege v. Fruin, 18 Mo. App. 139.

Trippensee v. Braun.

*Pope & Belch* for respondents.

(1) No bill of exceptions was filed in this case, and what purports to be, in appellant's abstract, should be disregarded. This leaves nothing for the court to pass on. R. S. 1899, sec. 728; Shoe Co. v. Williams, 91 Mo. App. 511; Finlay v. Gill, 80 Mo. App. 458; Ricketts v. Hart, 150 Mo. 64; Scraper Co. v. Kolkmeyer, 91 Mo. App. 286. (2) It does not appear that judgment was rendered on the verdict, nor does it appear that any affidavit for an appeal was filed, and hence this court acquired no jurisdiction. Peters v. Edge, 91 Mo. App. 283; R. S. 1899, sec. 808; Harper v. Standard Oil Co., 74 Mo. App. 644. Nor does it appear that appeal was taken at same term. R. S. 1899, sec. 808; Thomas v. Ins. Co., 89 Mo. App. 12. The court will not go behind the abstract. Herman v. Daily, 74 Mo. App. 505; Ormiston v. Trumbo, 77 Mo. App. 310; Storage & Warehouse Co. v. Glassner, 150 Mo. 426; Butler Co. v. Graddy, 152 Mo. 441. (3) The printed matter served on respondents is nothing more than a statement. It does not comply with rule 15, and the appeal ought to be dismissed. Dixon v. Thomas, 91 Mo. App. 364; Brassfield v. Knights of Pythias, 157 Mo. 366.

BROADDUS, J.—The plaintiff's suit is to enforce a mechanic's lien. Plaintiff was a subcontractor, defendant Braun the contractor and defendant Parker owner of the property sought to be charged with the lien. The only questions arising in the case relate to certain setoffs pleaded by the contractor Braun. Under plaintiff's contract for work and material he was to have $1,080 and he claims that he did extra work which was of the value of $33. He credits defendant Braun with cash payments amounting to $625, and for two thousand bricks, $80.

Defendant Braun admits that plaintiff is entitled to a credit of $9 for extra work and no more, and asks credit for different sums among which are the follow-

ing: $292.95 paid to B. H. Pohl; $125.30 overpayment made to plaintiff for work and materials on the Confederate Home at Higginsville; $9 for work and material on the house of one G. W. Gordon; and $20 overpaid on the house of one Schahill. The evidence tended to show that these payments were made at the instance and request of plaintiff, while the evidence of plaintiff was to the contrary.

The sole contention here is that the court committed error in the giving and refusing of certain instructions. Instruction four given for defendant is as follows: "The court instructs the jury that if they believe and find from the evidence that the plaintiff owed $292.95 for brick that was used in the construction of the Lester Parker house and that defendant Braun paid therefor at the request of the plaintiff, or that he consented to such payment, either before or after the same was made, *or that by the usual course of dealing between the plaintiff and defendant Braun, said Braun had a right to infer and believe, and did believe that he was authorized to pay such brick bill, and acting in good faith under such implied authority he paid such brick bill for plaintiff,* then the jury in making up their verdict will allow the defendant Braun a credit for the amount paid."

We have italicised that part of the instruction to which plaintiff excepts. It is settled law that "no person can make another his debtor without the consent of the party benefited; there must be a previous request, expressed or implied, or an assent or sanction given after the money is paid, or the act done." Allen's Admr. v. Richmond College, 41 Mo. 303. And it is not the duty of an original contractor to pay claims against the subcontractor until liens for such claims have been filed and actions brought on them. Morley v. Carlson, 27 Mo. App. 5; R. S. 1899, sec. 4223. Under the law as stated there being no evidence that the owner of the claim paid by the contractor had taken any step to en-

force a lien against the building sought to be charged, the contractor Braun was not authorized to pay said claim unless by plaintiff's request, expressed or implied, or his assent given after payment. It is claimed that notwithstanding there was evidence that plaintiff authorized the payment before or sanctioned it after it was made, there was no evidence whatever that would justify the defendant Braun to infer that he had any such authority from the usual course of dealing between himself and plaintiff. Plaintiff's contention in that respect is well founded. The evidence related wholly to the payments in controversy and nothing was said as to the previous course of dealing between the parties, consequently there was nothing to base that part of defendant's instruction italicised, to the effect that the jury might infer that defendant had the authority to make the payment. The same error also occurs in instructions 5 and 9 given for respondents. And error was committed by the court in inserting in plaintiff's instructions 6 and 8 substantially the same theory.

The respondents insist that appellant's appeal should be dismissed because he has failed to comply with rule fifteen of this court. The original abstract failed to contain the judgment and the filing of a bill of exceptions. But the transcript of the clerk shows that there was a judgment, and that is held to be sufficient. The bill of exceptions which is made a part of the abstract states that such bill was filed. But it has been repeatedly held that such a recitation is not sufficient, as a bill of exceptions can not prove itself. There must be some order showing that it was filed. The amendment states however that it was duly filed. It is not necessary that a copy of the record showing it was filed should be in the abstract. The mere recitation of the fact is held to be sufficient. We hold that the abstract is sufficient.

For the reasons given the cause is reversed and remanded. All concur.